IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAI VANG,

        Plaintiff,

      v.

LUELLA HUDSON, et al.,

        Defendants.

                             /

No. CIV S-09-1621 MCE DAD PS

ORDER

        The pro se plaintiff has filed a document that purports to be a "Definite Notice of Time Extension" pertaining to defendants' June 17, 2009 motion.[1] Plaintiff cites "F.R.C.P. 6-144(b)." As there is no Federal Rule of Civil Procedure numbered 6-144(b), the court surmises that plaintiff intended to cite Local Rule 6-144(b).[2]

---

[1] Plaintiff characterizes the June 17, 2009 motion as "defendants Hudson/Skelton, CDE/Witter, and HAD/Motooka's June 17, 2009 1. Notice of Motion, 2. Memorandum of, 3.Request for Judicial, and 4. Declaration of, and." (Doc. No. 15 at 1.) Plaintiff is in error. The motion to dismiss filed on June 17, 2009 has been brought solely by defendant Sacramento Housing and Redevelopment Agency, incorrectly sued as "Housing Agency Department." (Doc. No. 5 at 1.)

[2] Local Rule 6-144(b) provides that all motions to the court for extensions of time shall set forth the total period of extensions already obtained by the parties as to the particular matters for which the extension is sought. Plaintiff has not complied with the rule, but the record reflects that no extension of time has been granted to any party for any purpose in this action.

1        Plaintiff is advised that extensions of time are not obtained by mere notice.  In the
2 interests of justice, plaintiff's notice is construed as a motion for extension of time.  The motion
3 must be denied, however, because plaintiff fails to indicate whether she seeks an extension of
4 time to file opposition to the motion filed by defendant Sacramento Housing and Redevelopment
5 Agency (SHRA), or a continuance of the July 31, 2009 hearing date, or both.  In addition,
6 plaintiff has not specified the length of the extension sought, and the court does not grant open
7 extensions of time.  Plaintiff's motion also fails to indicate whether she contacted defendant
8 SHRA's attorney to request a stipulation to the extension of time or continuance sought.  See
9 Local Rule 6-144(c).  For all of these reasons, plaintiff's motion for extension of time will be
10 denied without prejudice.  Plaintiff is advised to contact counsel for SHRA to discuss a
11 stipulation.  If no stipulation can be obtained, plaintiff may then file a Motion for Extension of
12 Time in which she states plainly (1) what deadline she seeks to extend or what hearing date she
13 seeks to continue, (2) why she was unable to obtain a stipulation to such extension or
14 continuance, and (3) the specific amount of time sought or the proposed new hearing date or
15 both.  Plaintiff should take these steps as soon as possible, as her deadline for filing and serving
16 opposition to defendant SHRA's motion is July 17, 2009.

17        Plaintiff has also filed another document that purports to be plaintiff's removal of
18 her case from state court.  Plaintiff's second notice of removal will be disregarded for the same
19 reasons her first notice of removal was disregarded by order filed July 2, 2009.  Plaintiff is
20 cautioned that sanctions may be imposed on a party who repeatedly files frivolous documents.
21 See Fed. R. Civ. P. 11; Local Rule 11-110.

22        Also before the court is a Notice of Errata filed by removing defendants Hudson
23 and SHRA.  Defendants provide copies of documents that were filed in the state court action but
24 were inadvertently omitted from the removal papers filed in this court on June 10, 2009.  The
25 court will direct the Clerk of the Court to modify the docket entry to reflect that the documents
26 include the Answer to Complaint and Demand for Jury Trial filed by defendant Luella Hudson.

Accordingly, IT IS ORDERED that:

1. Plaintiff's July 9, 2009 notice of removal (Doc. No. 13) will be disregarded;

2. Plaintiff's July 15, 2009 filing (Doc. No. 15), construed as a motion for an unspecified extension of time, is denied without prejudice to the filing of a stipulation and proposed order or, if no stipulation can be obtained, a renewed motion for extension of time that complies with this order; and

3. The Clerk of the Court is directed to modify the docket entry for the Notice of Errata (Doc. No. 14) to clarify that the Notice was filed jointly by defendant Housing Agency Department and defendant Hudson and that the attachments include defendant Hudson's Answer to Complaint and Demand for Jury Trial.

DATED: July 17, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\vang1621.ord.extden2