1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MAI VANG,
                                        No. CIV S-09-1621 MCE DAD PS
11            Plaintiff,

12        v.

13   LUELLA HUDSON, et al.,            ORDER AND

14            Defendants.             FINDINGS AND RECOMMENDATIONS

15   _____/

16            This case came before the court on August 28, 2009, for hearing of defendant

17   Sacramento Housing and Redevelopment Agency's motion to dismiss or for more definite

18   statement pursuant to Fed. R. Civ. P. 12.  Plaintiff, proceeding pro se, appeared on her own

19   behalf.  Wendy M. Motooka, Esq. appeared on behalf of the moving defendant.[1]  At the

20   conclusion of the hearing, the motion to dismiss was taken under submission.

21            Upon consideration of all written materials filed in connection with the motion to

22   dismiss, the arguments at the hearing, and the entire file, the undersigned recommends that the

23   motion be granted.

24   _____

25        [1]  No appearance was made at the hearing by defendant Luella Hudson, who has filed an
     answer to plaintiff's complaint, or defendant Building Code Enforcement Department, which
26   appears to have been served with process but has not responded to plaintiff's complaint.

                                        1

BACKGROUND

On April 22, 2009, plaintiff filed a pleading titled "Civil and Disability Discrimination Complaint Under TMPA of 2001" in Sacramento County Superior Court. (Notice of Removal, Ex. A.)  Plaintiff alleges that she and her family were exposed to toxic mold for a lengthy period of time because of the negligence and discrimination of the defendants, who failed to protect plaintiff and her family from contamination and indoor air pollution.  (Id., Ex. A. at 1-2.)  The caption of the complaint identifies defendants as "Luella Hudson, Building Code Enforcement & Housing Agency Department."  (Id., Ex. A at 1.)  The first-named defendant is or was plaintiff's landlord.  The two entity defendants are described more fully within the complaint as the City Building Code Enforcement Department and the Sacramento Housing and Redevelopment Agency.  (Id., Ex. A at 1, 52.)

On April 24, 2009, the state court granted plaintiff's application for leave to proceed in forma pauperis.  (Def'ts' Notice of Errata, Order on Appl. for Waiver of Court Fees & Costs.)  Sheriff's deputies filed returns of service of summons for defendant Hudson and defendant "Building Code Enforcement & Housing Agency Department."  (Notice of Removal, Exs. B & C.)  Defendant Luella Hudson filed an answer to plaintiff's complaint on June 5, 2009. (Def'ts' Notice of Errata, Def't Hudson's Answer to Compl.)

On June 10, 2009, defendants SHRA and Luella Hudson removed plaintiff's case to federal court based on plaintiff's allegation of claims under the Americans With Disabilities Act, 42 U.S.C. §§ 12191, et seq. and the Fair Housing Act, 42 U.S.C. §§ 3601, et seq.  On June 17, 2009, defendant SHRA filed its motion to dismiss or for more definite statement, along with a request for judicial notice of a 2005 report to the California Legislature regarding implementation of the California Toxic Mold Protection Act of 2001.  Plaintiff filed an improper motion to strike defendant SHRA's motion along with numerous voluminous documents in opposition to defendant's motion.

/////

2

1   　　　　The court's records reveal that plaintiff previously filed an action against

2   defendant Luella Hudson in this court.[2]  See Vang v. Hudson, case No. CIV S-09-0223 FCD

3   GGH PS (E.D. Cal.).  Plaintiff's 70-page complaint filed January 26, 2009, was presented as an

4   appeal to the district court from 2008 eviction proceedings brought against plaintiff.  On April

5   15, 2009, the complaint in that previous case was dismissed with leave to amend.  Plaintiff then

6   filed an 88-page amended complaint titled "Civil & Disability Discrimination Complaint &

7   Punitive Damages Litigation De Novo."  Magistrate Judge Gregory G. Hollows found that

8   plaintiff appeared to allege housing discrimination, wrongful eviction, exposure to toxic mold,

9   discrimination based on disability, and retaliation under the ADA, the FHA, and the California

10  Toxic Mold Protection Act of 2001, together with state claims.  In her amended complaint in that

11  action plaintiff sought millions of dollars in punitive damages.  Judge Hollows determined that

12  plaintiff failed to state a claim under Title II of the ADA because she had not sued a public entity

13  and failed to state a claim under the FHA because she did not allege that defendants refused to

14  rent housing to her for discriminatory reasons.  Judge Hollows recommended that the action be

15  dismissed with prejudice for lack of federal subject matter jurisdiction and that the court decline

16  to exercise jurisdiction over plaintiff's state law claims.  Vang v. Hudson, ___ F. Supp. 2d ___, __

17  _, No. CIV-S-09-0223 FCD GGH PS, 2009 WL 3247003, at *2-3 (E.D. Cal. Oct. 7, 2009).  The

18  findings and recommendations were adopted and judgment was entered against plaintiff on

19  November 17, 2009.  No appeal was taken.

20  　　　　　　　　　PLAINTIFF'S CLAIMS IN THE PRESENT CASE

21  　　　　In this case plaintiff claims that she and her family were exposed to toxic mold for

22

23  　　　　[2]  A court may take judicial notice of its own files and of documents in other courts.
Reyn's Pasta Bella, LLC v. Visa USA, Inc.,442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial
notice of documents related to a settlement in another case that bore on whether the plaintiff was

24  still able to assert its claims in the pending case); Burbank-Glendale-Pasadena Airport Auth. v.
City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a

25  state court case where the same plaintiff asserted similar and related claims); Hott v. City of San
Jose, 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda

26  and orders filed in state court cases).

1   17 years and then she was subjected to a vicious eviction.  (Notice of Removal (Doc. No. 2), Ex.

2   A, Compl. at 1-2.)  Plaintiff alleges that defendant Hudson was aware of the habitability problem

3   and failed to have repairs done for several years.  (Id., Compl. at 5.)  Plaintiff alleges that

4   defendant City Building Code Enforcement Department concealed from her the existence of

5   toxic mold, failed to protect plaintiff and her family, failed to order repairs, and failed to stop the

6   eviction.  (Id., Compl. at 10, 38-51.)  Plaintiff alleges that defendant SHRA failed to provide her

7   with subsidized housing, in violation of her rights, and thereby forced her and her family to

8   continue living in the place where they were exposed to toxic mold.  (Id., Compl. at 52-55.)

9   Plaintiff seeks large sums of damages.

10          LEGAL STANDARDS APPLICABLE TO DEFENDANT'S MOTION TO DISMISS

11          The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

12   sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

13   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

14   sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

15   F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

16   relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Thus,

17   a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the

18   plaintiff's claims, even if the plaintiff's allegations are true.

19          In determining whether a complaint states a claim on which relief may be granted,

20   the court accepts as true the allegations in the complaint and construes the allegations in the light

21   most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

22   United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

23   stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

24   520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

25   form of factual allegations.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  The

26   court is permitted to consider material which is properly submitted as part of the complaint,

4

1    documents not physically attached to the complaint if their authenticity is not contested and the

2    plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los

3    Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

4                                    THE PARTIES' ARGUMENTS

5            Defendant SHRA addresses plaintiff's claims that SHRA violated the Americans

6    With Disabilities Act (ADA), the Fair Housing Act (FHA), and the California Toxic Mold

7    Protection Act of 2001 (CTMPA).  Defendant summarizes plaintiff's chief allegations as these:

8    plaintiff has a disability, applied for Section 8 assistance, did not receive a voucher, was told in

9    2006 that she was disqualified from receiving Section 8 assistance, continued to live in the moldy

10   residence, and was exposed to toxic mold in her residence.  Defendant seeks dismissal of all of

11   plaintiff's claims against SHRA pursuant to Federal Rule of Civil Procedure 12(b)(6) on the

12   ground that plaintiff did not rent the allegedly moldy residence through any SHRA program and

13   merely contends that she was unable to move out of the moldy residence because SHRA did not

14   provide her with public housing assistance.

15           Defendant argues that plaintiff's complaint fails to state an ADA claim against

16   SHRA because plaintiff has not alleged facts showing that she was qualified to receive one of the

17   available housing program vouchers or facts showing that SHRA denied her a voucher "by

18   reason of her disability."  Defendant argues further that plaintiff's complaint fails to state an FHA

19   claim against SHRA because plaintiff has not alleged the existence of a discriminatory housing

20   practice.  Defendant argues finally that plaintiff's complaint fails to state a CTMPA claim against

21   SHRA because this statute did not create a private cause of action.  Defendant cites California

22   Health and Safety Code § 21101.7, indicating that the statute created a task force to study the

23   feasibility of setting permissible exposure limits for mold in indoor environments.  If such limits

24   were found to be feasible, the California Department of Health Services would have adopted

25   exposure limits for mold in indoor environments for the purpose of avoiding adverse effects on

26   health.  Cal. Health & Safety Code § 16103.  The Act would then have empowered government

1  officials or entities to enforce the standards.  Cal. Health & Safety Code § 26154.  However, in

2  April 2005, the California Department of Health Services issued a report finding that sound,

3  science-based exposure limits for indoor molds could not be established at that time.  (Def't

4  SHRA's Req. for Judicial Notice, Report at 6).  The court takes judicial notice of this document

5  pursuant to Federal Rule of Evidence 201.  See Lee, 250 F.3d at 688-89 (on a motion to dismiss,

6  court may consider matters of public record); MGIC Indem. Corp., 803 F.2d at 504 (on a motion

7  to dismiss, the court may take judicial notice of matters of public record outside the pleadings).

8         In response to defendant's motion to dismiss, plaintiff has submitted hundreds of

9  pages of conclusory arguments, accusations directed indiscriminately at all three defendants,

10  citations to cases that do not appear to be relevant to the issues presented by the pending motion,

11  and numerous exhibits concerning various types of molds, along with contentions and legal

12  theories not included in or supported by the operative pleading in this case.

13                                          ANALYSIS

14  I.  ADA Claims

15         To state a claim against a public entity for violation of the Americans With

16  Disabilities Act (ADA), 42 U.S.C. § 12132, the plaintiff must allege facts showing that (1) she is

17  a "qualified individual with a disability," (2) she was either excluded from participation in or

18  denied the benefits of a public entity's services, programs, or activities, or was otherwise

19  discriminated against by the public entity, and (3) such exclusion, denial of benefits, or

20  discrimination was by reason of her disability.  Duvall v. County of Kitsap, 260 F.3d 1124, 1135

21  (9th Cir. 2001); Weinreich v. Los Angeles County Metro. Transp. Auth., 114 F.3d 976, 978 (9th

22  Cir. 1997).  Here, plaintiff has not alleged any facts even suggesting that she was excluded from

23  participation in any SHRA programs or denied any benefits by SHRA by reason of a disability.

24  Defendant SHRA's motion to dismiss plaintiff's ADA claims against SHRA should therefore be

25  granted.

26  /////

II.  FHA Claims

The FHA prohibits discrimination against "any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin," 42 U.S.C. § 3604(b), or "because of a handicap," 42 U.S.C. § 3604(f)(2).

To state a race discrimination claim under the FHA, the plaintiff must establish a prima facie case by alleging facts that demonstrate two elements:  (1) plaintiff's rights are protected under the FHA and (2) as a result of defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable injury.  Harris v. Itzhaki, 183 F.3d 1043, 1051 (9th Cir. 1999). For a claim of race discrimination under the FHA, the language of the statute expressly requires the plaintiff to allege and prove that the discrimination was "because of race."  42 U.S.C. § 3604(b).

To state a claim of disability discrimination under the FHA, the plaintiff must establish four elements:  (1) plaintiff suffers from a handicap as defined by statute, (2) the defendant knew of the handicap or should reasonably have been expected to know of it, (3) accommodation of plaintiff's handicap may be necessary to afford her an equal opportunity to use and enjoy the dwelling, and (4) defendant refused to make such accommodation.  United States v. Cal. Mobile Home Park Mgmt., 107 F.3d 1374, 1380 (9th Cir. 1997).  For a claim of disability discrimination, the plaintiff must allege and prove that the defendants denied her an equal opportunity to use and enjoy a dwelling by refusing to accommodate her disability.

In the present case, plaintiff has not alleged any facts showing that she was denied a housing voucher or was otherwise prevented from participating in SHRA programs because of her race or a known disability or for any other discriminatory reason.  Defendant SHRA's motion to dismiss plaintiff's FHA claims should therefore also be granted.

III.  CTMPA Claims

Finally, defendant SHRA has demonstrated that plaintiff does not have a private

1  right of action under California's Toxic Mold Protection Act of 2001.  Defendant SHRA's

2  motion to dismiss plaintiff's CTMPA claim against SHRA should be granted.

3  IV.  Leave to Amend

4          The undersigned has carefully considered whether there is any possibility that

5  plaintiff may amend her complaint to state a cognizable claim against defendant SHRA.  "Valid

6  reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."

7  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir.

8  1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276,

9  1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not

10 have to allow futile amendments).  Leave to amend would clearly be futile in this instance, given

11 the nature of plaintiff's claims against defendant SHRA.  Accordingly, the undersigned will

12 recommend that plaintiff's claims against defendant SHRA be dismissed without leave to amend

13 and that this action proceed on plaintiff's claims against defendants Hudson and City Building

14 Code Enforcement Department.

15                          CONCLUSION

16          For the reasons set forth above, IT IS HEREBY ORDERED that:

17          1.  Defendant SHRA's request for judicial notice (Doc. No. 8) is granted;

18          2.  Plaintiff's motion to strike (Doc. No. 19) is denied;

19          IT IS RECOMMENDED that:

20          1.  Defendant SHRA's motion to dismiss pursuant to Rule 12 of the Federal Rules

21 of Civil Procedure (Doc. No. 5) be granted;

22          2.  Plaintiff's claims against defendant SHRA be dismissed with prejudice and

23 defendant SHRA be dismissed from this action; and

24          3.  This action proceed only on plaintiff's claims against defendant Hudson and

25 the City Building Code Enforcement Department.

26 /////

8

1    These findings and recommendations will be submitted to the United States

2  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

3  seven days after being served with these findings and recommendations, any party may file and

4  serve written objections with the court.  A document containing objections should be titled

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections

6  shall be filed and served within seven days after the objections are served.  The parties are

7  advised that failure to file objections within the specified time may, under certain circumstances,

8  waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th

9  Cir. 1991).

10  DATED: March 16, 2010.

11

12                                        _____

13                                        DALE A. DROZD
                                          UNITED STATES MAGISTRATE JUDGE

14  DAD:kw
    Ddad1\orders.prose\vang1621.oah.082809.mtdgr

15

16

17

18

19

20

21

22

23

24

25

26