IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAI VANG,

    Plaintiff,                      No. CIV S-09-1621 MCE DAD PS

    vs.

LUELLA HUDSON, et al.,        ORDER SETTING STATUS
                                       (PRETRIAL SCHEDULING)
    Defendants.                 CONFERENCE

                                 /

          Plaintiff is proceeding pro se with a civil action complaining of long-term exposure to toxic mold due to the alleged negligence and discrimination of defendants. On June 10, 2009, the action was removed from the Sacramento County Superior Court by defendant Sacramento Housing and Redevelopment Agency (SHRA) and defendant Luella Hudson. The action has been referred to United States Magistrate Judge Dale A. Drozd pursuant to Local Rule 302(c)(21) for all purposes encompassed by that provision.

          The parties are informed that they may, if all parties consent, proceed before the United States Magistrate Judge for all purposes while preserving the right to appeal to the Ninth Circuit Court of Appeals. An appropriate form for consent was provided to the removing defendants upon removal. Any party choosing to consent may complete the form and return it to the Clerk of the Court at any time. Neither the magistrate judge nor the district judge handling

1

the case will be notified of the filing of a consent form unless and until all parties to the action have filed consent forms.

Defendant Hudson has filed an answer to plaintiff's complaint.[1] Pursuant to the provisions of Rule 16 of the Federal Rules of Civil Procedure, IT IS ORDERED that:

1. A Status (Pretrial Scheduling) Conference is set for **June 4, 2010, at 11:00 a.m.**, in Courtroom No. 27, before Magistrate Judge Dale A. Drozd.

2. Each party shall appear at the Status Conference either by counsel or, if proceeding in propria persona, on his or her own behalf.  Any party may make its appearance in person or telephonically.  However, to arrange telephonic appearance, the party shall contact Pete Buzo, the courtroom deputy of the undersigned magistrate judge, at (916) 930-4128 no later than 48 hours before the Status (Pretrial Scheduling) Conference.

3. Plaintiff Vang shall file and serve a status report on or before **May 21, 2010,** and each defendant shall file and serve a status report on or before **May 28, 2010**.  Each status report shall address all of the following matters:

    a.    Progress of service of process;

    b.    Possible joinder of additional parties;

    c.    Possible amendment of the pleadings;

    d.    Jurisdiction and venue;

    e.    Anticipated motions and the scheduling thereof;

    f.    Anticipated discovery and the scheduling thereof, including disclosure of expert witnesses;

    g.    Future proceedings, including the setting of appropriate cut-off dates for discovery and for law and motion, and the scheduling of a final pretrial conference and trial;

/////

---

[1] Defendant SHRA has been dismissed from the case.  The city department sued by plaintiff as "Building Code Enforcement" has not yet appeared.

   h. Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action;

   i. Whether the case is related to any other case, including matters in bankruptcy;

   j. Whether the parties will stipulate to the magistrate judge assigned to this matter acting as settlement judge, waiving any disqualification by virtue of his so acting, or whether they prefer to have a Settlement Conference before another magistrate judge;

   k. Whether the parties intend to consent to proceed before a United States Magistrate Judge; and

   l. Any other matters that may aid in the just and expeditious disposition of this action.

4. The pro se plaintiff is informed that the failure to file a timely status report or the failure to appear at the status conference, either in person or telephonically, may result in a recommendation that this case be dismissed for lack of prosecution and as a sanction for failure to comply with court orders and applicable rules.  See Local Rules 110 and 183.

5. The pro se plaintiff is advised that Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant may be dismissed if service of process was not accomplished on the defendant within 120 days from the date the complaint was filed .

6. Defendant Hudson shall serve upon plaintiff a copy of the Notice of Availability of a Magistrate Judge and the attached form issued by the Clerk of the Court on June 10, 2009, unless copies were previously served on plaintiff, and shall file a certificate of service reflecting the date on which such service was made.

DATED: April 6, 2010.

                       */s/ Dale A. Drozd*
                       DALE A. DROZD
                       UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\vang1621.ossc