IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAI VANG,

        Plaintiff,

    v.

LUELLA HUDSON, et al.,

        Defendants.

_____/

No. CIV S-09-1621 MCE DAD PS

ORDER

This matter is set for a status (pretrial scheduling) conference before the undersigned on June 4, 2010. Before the court are four documents recently filed by plaintiff, who is proceeding pro se in the case.

On April 5 and April 6, 2010, plaintiff filed letters addressed to the "Office of the Clerk\Magistrate Judge Office." In the first letter, plaintiff refers to "some type disrespect judgment" against her and demands a copy of it. Plaintiff is advised that no judgment has been entered in this court in this case. If plaintiff is referring to the mandate recently filed by the Ninth Circuit Court of Appeals regarding its judgment dismissing plaintiff's interlocutory appeal, plaintiff should request a copy of the judgment from the court that entered it. In the second letter, plaintiff demands information about defendant Hudson. The court does not act as an investigator or researcher for the parties. Accordingly, the requests in plaintiff's letters are denied.

On April 15, 2010, plaintiff filed an eleven-page document titled "Plaintiff's Pleading, Ex Parte's Affirmative in a Good Causes, and Faith Requested for Time Extension." Therein, plaintiff fails to state what date or deadline she seeks to extend. Although plaintiff cites Rule 6(c) of the Federal Rules of Civil Procedure, that subsection of the rule concerns the filing and hearing of motions, and no motion is pending in this action. Plaintiff has previously been advised that in any request for extension of time the party must (1) state plainly what deadline he or she seeks to extend or what hearing date he or she seeks to continue, (2) state the specific amount of time sought or the proposed new deadline, and (3) describe the efforts made to obtain the other party's stipulation to such an extension. See Local Rule 144. Plaintiff has failed to provide any of the required information. To the extent that plaintiff seeks only general consideration of her need for adequate time to proceed with this case, plaintiff should discuss this issue in the status report she is required to file pursuant to the court's Order Setting Status (Pretrial Scheduling) Conference.[1] Plaintiff's motion for extension of time will be denied for failure to request a specific extension of any specific date or deadline.

On April 26, 2010, plaintiff filed a motion for appointment of counsel. Plaintiff is informed that federal district courts lack authority to require counsel to represent indigent plaintiffs in civil cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel under the federal in forma pauperis statute, but only under exceptional circumstances. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her claims. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.

---

[1] Plaintiff is reminded that her status report must be filed and served on or before May 21, 2010. The status report must address each topic listed in the Order Setting Status (Pretrial Scheduling) Conference, in the same order and with each topic numbered. Plaintiff is directed not to attach any exhibits to the status report.

1983). Here, the court has considered plaintiff's complaint and her motion for appointment of counsel. The record does not reflect that exceptional circumstances are present.

Accordingly, IT IS ORDERED that:

1. To the extent that plaintiff's letters filed April 5, 2010 (Doc. No. 44) and April 6, 2010 (Doc. No. 45) include any requests for court action, the requests are denied;

2. Plaintiff's April 15, 2010 motion for extension of time (Doc. No. 46) is denied; and

3. Plaintiff's April 26, 2010 motion for appointment of counsel (Doc. No. 47) is denied.

DATED: May 17, 2010.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\vang1621.ord.eotden.counselden